

FILED
14 FEB -7 PM 2:22
DEPT... CIVIL/FAMILY...
ALLEGHENY COUNTY PA

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| PAUL M. SCHREIBER and<br>LORA L. SCHREIBER, husband and wife,<br>and COLIN SCHREIBER, an adult<br>individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>MOON TOWNSHIP, and JOHN DOES I-X<br>(unidentified employees, agents, and/or<br>representatives of the Township of Moon),<br><br>        Defendants.<br><br><br><br>**JURY TRIAL DEMANDED** | CIVIL DIVISION<br>G.D. No.: 13-016912<br><br>**COMPLAINT IN CIVIL ACTION**<br><br>Filed on behalf of:<br>Paul M. Schreiber,<br>Lora L. Schreiber and<br>Colin Schreiber, Plaintiffs<br><br>Counsel of Record for this Party:<br><br>Jeff A. Hollowood, Esquire<br>Pa. I.D. #92062<br><br><br>Gaitens, Tucceri & Nicholas, P.C.<br>Firm #562<br>519 Court Place<br>Pittsburgh, PA 15219<br>412-391-6920 |



EXHIBIT F

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| PAUL M. SCHREIBER and<br>LORA L. SCHREIBER, husband and wife,<br>and COLIN SCHREIBER, an adult<br>individual,<br><br>            Plaintiffs,<br><br>vs.<br><br>MOON TOWNSHIP, and JOHN DOES I-X<br>(unidentified employees, agents, and/or<br>representatives of the Township of Moon),<br><br>            Defendants. | CIVIL DIVISION<br>G.D. No.:  G.D. No.: 13-016912 |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUR WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
ALLEGHENY COUNTY BAR ASSOCIATION
KOPPERS BUILDING, SUITE 400
436 SEVENTH AVENUE
PITTSBURGH, PA 15219
TELEPHONE (412) 261-0518

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| PAUL M. SCHREIBER and<br>LORA L. SCHREIBER, husband and wife,<br>and COLIN SCHREIBER, an adult<br>individual,<br><br>           Plaintiffs,<br><br>vs.<br><br>MOON TOWNSHIP, and JOHN DOES I-X<br>(unidentified employees, agents, and/or<br>representatives of the Township of Moon),<br><br>           Defendants. | CIVIL DIVISION<br>G.D. No.:  G.D. No.: 13-016912 |

## COMPLAINT IN CIVIL ACTION

AND NOW come Plaintiffs, by and through their undersigned counsel, Jeff A. Hollowood, Esquire and Gaitens, Tucceri & Nicholas, P.C. and file the within Complaint in Civil Action averring as following:

1. Plaintiff, Paul M. Schreiber, is an adult individual residing at 1215 Maple Street Extension, Moon Township, Allegheny County, Pennsylvania.

2. Plaintiff, Lora L. Schreiber, is an adult individual residing at 1215 Maple Street Extension, Moon Township, Allegheny County, Pennsylvania.

3. Plaintiff, Colin Schreiber, is an adult individual residing at 1215 Maple Street Extension, Moon Township, Allegheny County, Pennsylvania.

4. During the course of the events described herein, Plaintiff Colin Schreiber was under the age of majority.

5. Plaintiff, Paul M. Schreiber and Lora L. Schreiber, are the parents of Plaintiff

Colin Schreiber (hereinafter collectively referred to as "Plaintiffs.")

6. Defendant, Moon Township, is a municipal corporation and body politic with a principal place of business located at 1000 Beaver Grade Road, Moon Township, Allegheny County, Pennsylvania.

7. Defendant, John Does I-X are employees, agents, and/or representatives of the Township of Moon, now identified through pre-complaint discovery as being Chief Leo P. McCarthy, Captain Greg Seamon, Detective William Lonkert, Detective Sgt. Cornelius Munger, and Officer Reginald Humbert.

8. At all times material and relevant hereto, the aforementioned employees, agents and/or representatives of the Township of Moon were acting under color of state law and the conduct complained of below deprived the Plaintiffs of rights, privileges or immunities secured by the Constitution and/or law of the United States of America.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in this Court because the occurrences from which the cause of action arose took place in Moon Township, Allegheny County, Pennsylvania.

## FACTUAL BACKGROUND

10. For the 2009-2010 school year, Plaintiff, Colin Schreiber, then a minor, was enrolled as a student in the Moon Area School District.

11. On or about May 10, 2011, and while in class, several students notified school administrators of the contents of a notebook that Plaintiff Colin Schreiber had in his possession

and maintained in connection with weekly therapy related to various health impairments with which he had been diagnosed.

12. Plaintiff Colin Schreiber was then summoned to a meeting with school administrators regarding the contents of said notebook and was then questioned over a span of hours by school officials and members of the Moon Township Police Department.

13. Later that day, Plaintiff Colin Schreiber's parents, Paul and Lora Schreiber, were called to the school by police and at their request, the student was removed to the Sewickley Valley Hospital for a mental health evaluation.

14. Following the mental health evaluation, the hospital indicated that Plaintiff Colin Schreiber was not a threat, but under threat of arrest, the Moon Township Police Department, including but not limited to Officer Brian Buydasz, insisted that the student be transported by ambulance from the hospital to a residential mental health facility.

15. While Plaintiff Colin Schreiber was at the hospital, and before being transferred to the residential health facility, members of the Moon Township Police Department, including but not limited to Detective William Lonkert and Detective Sgt. Cornelius Munger, searched the Schreiber family residence located at 1215 Maple Street Extension, and seized various journals, notebooks, home videos, computers, amongst other things pursuant to a search warrant.

16. Thereafter, Plaintiff Colin Schreiber was transferred to a juvenile justice facility and the School District began to pursue expulsion proceedings, purportedly as a result of the contents of the therapy notebook the Plaintiff kept with him at school.

17. Plaintiffs Paul and Lora Schreiber eventually commenced various actions against the Moon Area School District in connection with its treatment of their son, and several closed hearings were held on February 27, 2012, March 6,7 and 19, 2012 and April 4, 2012 at ODR Case #2786-1112AS in front of Special Education Hearing Officer Jake McElligot, Esquire.

18. At the outset of those hearings, certain writings marked as the School District's Exhibit were purported to be the notebook materials confiscated by the School District during the May 10th, 2011 incident inside the school.

19. During the hearing, School District witnesses then clarified that said notebook was actually marked as the Plaintiffs' Exhibit P-14 and that the writings and materials marked as the School District's Exhibit were actually documents and evidence that had been confiscated from the Schreibers' family home by the Moon Township Police Department.

20. Thereafter, the Plaintiffs also learned that various school administrators, school board members and third parties had also gained access to and viewed the confiscated materials and were commenting on the contents of the personal home videos that Plaintiff Colin Schreiber had made.

21. The Plaintiffs had a reasonable expectation of confidentiality in the aforesaid written materials and videos seized from their home by the Defendants.

22. Said written materials and videos contained private, intimate and embarrassing information that was at all times kept private by the Plaintiffs and not disseminated to third parties.

23. Furthermore, said written materials and videos were always maintained within the Plaintiffs' residence and were never transported or shown upon the School District's premises.

24. The aforesaid written materials and videos unlawfully seized from the Plaintiffs' home were further unrelated to disciplinary proceedings against Plaintiff Colin Schreiber.

25. The unreasonable searches, seizures and later disseminations of the Plaintiffs' private and protected property by the Defendants were carried out in violation of the Fourth and Fourteenth Amendments of the United States Constitution, as well as in violation of Article I, Sections 1 and 8 of the Pennsylvania Constitution.

26. More specifically, the search warrant obtained by the Defendants was illegal for being overbroad, failing to describe with particularity the items to be seized, and failing to set forth probable cause to search and seize the items listed.

27. Following the illegal search and seizure conducted by the Township's agents, including, but not limited to Detective William Lonkert and Detective Sgt. Cornelius Munger, the private property of the Plaintiffs was then, in accordance with the Township's established policy and procedures, duplicated electronically and the originals were logged into the Township's evidence room on or about May 11, 2011.

28. On or about May 11, 2011, Officer Reginald Humbert, an employee of the Township on the Computer Crimes Task Force, was provided with a flip camera containing the intimate and confidential personal videos of Plaintiff Colin Schreiber.

29. On or about the same day, Officer Humber made digital copies of the aforesaid confidential videos and provided the same to other members of the Police Department, including but not limited to Chief Leo P. McCarthy, Detective William Lonkert, and Detective Sgt. Cornelius Munger.

30. Upon viewing Plaintiff Colin Schreiber's personal videos, Chief Leo P. McCarthy, pursuant to the Township's custom and policy, and in accordance with its duly adopted cooperation agreement with the Moon Area School District, contacted the School District's Superintendent, Donna Milanovich, to request that she view the aforesaid private videos found on the flip camera that was located inside the Plaintiffs' residence.

31. In response to this request, the Superintendent and the Deputy Superintendent met with Chief McCarthy and viewed said private videos in Reginald Humbert's office.

32. The aforesaid sharing of this private information with School District officials was without justification and constituted a violation of the Plaintiffs' privacy rights under both

Fourth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 1 and 8 of the Pennsylvania Constitution.

33. Thereafter, digital copies of the Plaintiffs' private flip camera videos were only immediately provided to or in the possession Chief Leo P. McCarthy, Captain Greg Seamon, Detective William Lonkert, and Detective Sgt. Cornelius Munger.

34. Upon information and belief, the aforesaid named individuals shared both copies of the written materials and videos seized from the Plaintiffs' residence with third parties, including but not limited to Judge McVay, Assistant District Attorney Megan Black, Attorney Paul Boas, the solicitor for the School District as well as other third parties who were not involved in the prosecution of the case related to the materials seized from the Plaintiffs' residence.

35. Neither the Township nor any of the aforementioned employees, acting under color of state law, were justified in disseminating copies of the Plaintiffs' private writings and videos.

36. Furthermore, neither the Township nor any of the aforementioned employees, acting under color of state law, placed any restrictions on the handling of said copies and did not take any actions to prevent further duplication and dissemination of the same.

37. The aforesaid acts and omissions of the Township and its aforementioned employees were done in accordance with standard custom and policy, which was developed and implemented by Chief Leo P. McCarthy.

38. In accordance with Township custom and policy, while original copies of seized evidence are logged and secured in an evidence room, there were no restrictions on the employees' use, duplication or dissemination of duplicates thereof.

39. Indeed, the sharing of such duplicated information with School District officials

and others was encouraged by the Township.

40. The Township failed to properly train and supervise the individually named employees with respect to the proper protections and confidentiality required for the private materials seized from the Plaintiffs' residence, thus leading to a violation of the Plaintiffs' constitutional rights.

41. As a result of the foregoing acts and omissions, the Plaintiffs have had their residence and property unlawfully searched and seized, their interests in said property interfered with and have had their privacy rights infringed upon causing them great pain, suffering and embarrassment.

## COUNT I

## ACTION FOR VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

*Fourth and Fourteenth Amendments*

*Unlawful Search and Seizure*

42. Plaintiffs incorporate Paragraphs 1 through 41 of the foregoing as though fully set forth at length herein.

43. The actions of the Defendants on or about May 10, 2011 constituted a search and seizure within the meaning of the Fourth Amendment of the United States Constitution.

44. The search and seizure of the Plaintiffs personal residence and property was unreasonable, overbroad, insufficiently particular and not based upon probable cause.

45. The Plaintiffs have been damaged by this violation of their rights and have the right to maintain a private cause of action against the Township as well as the other named Defendants personally for their violation of the Plaintiffs' constitutional rights.

46. The Plaintiffs should be compensated for these injuries proximately caused by the Defendants' conduct, and further, should be entitled to attorney fees in connection with the instant action, pursuant to 42 U.S.C. § 1988.

47. The conduct, customs and policies of the Defendants set forth above amount to a deliberate indifference to the rights of the people with whom they come into contact.

48. The conduct of the individually-named Defendants is wanton, extreme, and outrageous and this Court may and should award punitive and/or exemplary damages.

WHEREFORE, Plaintiffs Paul, Lora and Colin Schreiber request judgment be entered in their favor and against the Defendants in an amount in excess of the limits of compulsory arbitration, including compensatory damages, punitive damages (except as to Moon Township), attorneys fees, costs and such other relief as this Court may deem and proper.

## COUNT II

## ACTION FOR VIOLATION OF ARTICLE I, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION

*Unlawful Search and Seizure*

49. Plaintiffs incorporate Paragraphs 1 through 48 of the foregoing as though fully set forth at length herein.

50. The actions of the Defendants on or about May 10, 2011 constituted a search and seizure within the meaning of Article I, Section 8 of the Pennsylvania Constitution.

51. The search and seizure of the Plaintiffs personal residence and property was unreasonable, overbroad, insufficiently particular and not based upon probable cause.

52. The Plaintiffs have been damaged by this violation of their rights and have the

right to maintain a private cause of action against the Township as well as the other named Defendants personally for their violation of the Plaintiffs' constitutional rights.

53. The Plaintiffs should be compensated for these injuries.

54. The conduct, customs and policies of the Defendants set forth above amount to a deliberate indifference to the rights of the people with whom they come into contact.

55. The conduct of the individually-named Defendants is wanton, extreme, and outrageous and this Court may and should award punitive and/or exemplary damages.

WHEREFORE, Plaintiffs Paul, Lora and Colin Schreiber request judgment be entered in their favor and against the Defendants in an amount in excess of the limits of compulsory arbitration, including compensatory damages, punitive damages (except as to Moon Township), attorneys fees, costs and such other relief as this Court may deem and proper.

## COUNT III

## ACTION FOR VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

*Right to Privacy*

56. Plaintiffs incorporate Paragraphs 1 through 55 of the foregoing as though fully set forth at length herein.

57. The actions of the Defendants set forth above with respect to the duplication and unjustified dissemination and disclosure of their protected, private and confidential written materials and videos constituted a violation of the Plaintiffs' privacy rights under the Constitution of the United States of America through the Fourth and Fourteenth Amendments.

58. The written materials and videos disclosed by the Defendants were within the Plaintiffs' reasonable expectations of confidentiality.

59. Furthermore, as a result of the extremely embarrassing and intimate nature of the materials and videos, the Plaintiffs were justified in their expectation that the same would not be disclosed by the Defendants and subject to public scrutiny.

60. The disclosure of the Plaintiffs' private materials and videos to third parties was not consensual.

61. The Plaintiffs have been damaged by this violation of their rights and have the right to maintain a private cause of action against the Township as well as the other named Defendants personally for their violation of the Plaintiffs' constitutional rights.

62. The Plaintiffs should be compensated for these injuries and further, should be entitled to attorney fees in connection with the instant action, pursuant to 42 U.S.C. § 1988.

63. The conduct of the individually-named Defendants is wanton, extreme, and outrageous and this Court may and should award punitive and/or exemplary damages.

WHEREFORE, Plaintiffs Paul, Lora and Colin Schreiber request judgment be entered in their favor and against the Defendants in an amount in excess of the limits of compulsory arbitration, including compensatory damages, punitive damages (except as to Moon Township), attorneys fees, costs and such other relief as this Court may deem and proper.

## COUNT IV

## ACTION FOR VIOLATION OF ARTICLE I, SECTIONS 1 AND 8 OF THE PENNSYLVANIA CONSTITUTION

### *Right to Privacy*

64. Plaintiffs incorporate Paragraphs 1 through 63 of the foregoing as though fully set forth at length herein.

65. The actions of the Defendants set forth above with respect to the duplication and unjustified dissemination and disclosure of their protected, private and confidential written materials and videos constituted a violation of the Plaintiffs' privacy rights under the Constitution of the United States of America through the Fourth and Fourteenth Amendments.

66. The Plaintiffs had a legitimate expectation of privacy in the personal matters contained in the materials and videos unlawfully disclosed by the Defendants.

67. The Plaintiffs' expectation of privacy in personal matters contained in materials and videos maintained solely within their own private residence was reasonable.

68. As a result of the extremely embarrassing and intimate nature of the materials and videos, the Plaintiffs were justified in their expectation that the same would not be disclosed by the Defendants and subject to public scrutiny.

69. The disclosure of the Plaintiffs' private materials and videos to third parties was not consensual.

70. The Plaintiffs have been damaged by this violation of their rights and have the right to maintain a private cause of action against the Township as well as the other named Defendants personally for their violation of the Plaintiffs' constitutional rights.

71. The Plaintiffs should be compensated for these injuries proximately caused by the

Defendants' conduct.

72. The conduct of the individually-named Defendants is wanton, extreme, and outrageous and this Court may and should award punitive and/or exemplary damages.

WHEREFORE, Plaintiffs Paul, Lora and Colin Schreiber request judgment be entered in their favor and against the Defendants in an amount in excess of the limits of compulsory arbitration, including compensatory damages, punitive damages (except as to Moon Township), attorneys fees, costs and such other relief as this Court may deem and proper.

## COUNT V

## ACTION FOR VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983

### *Violation of Plaintiff's First Amendment Rights*

73. Plaintiffs incorporate Paragraphs 1 through 72 of the foregoing as though fully set forth at length herein.

74. Plaintiff Colin Schreiber's actions in creating the written materials and videos seized from the Plaintiffs' residence constituted constitutionally protected activities under the First Amendment of the United States Constitution.

75. That upon viewing the contents of the constitutionally protected writings and videos created by Plaintiff Colin Schreiber, the Defendants retaliated against the Plaintiffs by disseminating and disclosing their private and confidential information and by further filing criminal charges against Colin Schreiber with respect to the same.

76. The protected activity of Plaintiff Colin Schreiber caused the retaliation of the Defendants.

77. The Plaintiff has been damaged by this violation of his rights and has the right to maintain a private cause of action against the Township as well as the other named Defendants personally for their violation of the Plaintiff's constitutional rights.

78. The Plaintiff should be compensated for these injuries proximately caused by the Defendants' conduct.

79. The conduct of the individually-named Defendants is wanton, extreme, and outrageous and this Court may and should award punitive and/or exemplary damages.

WHEREFORE, Plaintiff Colin Schreiber requests judgment be entered in his favor and against the Defendants in an amount in excess of the limits of compulsory arbitration, including compensatory damages, punitive damages (except as to Moon Township), attorneys fees, costs and such other relief as this Court may deem and proper.

Respectfully submitted,

Jeff A. Hollowood, Esquire
Attorney for Plaintiffs

**JURY TRIAL DEMANDED**

## VERIFICATION

I, Paul M. Schreiber, do hereby declare that the statements of fact set forth in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge and belief and are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

2/6/14
DATE

Paul M. Schreiber

## CERTIFICATE OF SERVICE

I, Jeff A. Hollowood, Esquire, do hereby certify that I did serve a true and correct copy of the within Complaint by email and regular mail, on this 7th day of February, upon:

>Suzanne B. Merrick, Esquire
>Thomas, Thomas & Hafer LLP
>smerrick@tthlaw.com

Jeff A. Hollowood, Esquire
Attorney for Plaintiffs